# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| PATRICIA ANN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:20-cv-00836-LSC |
| ) | |
| TREVOR EAVES LOGGING, ) | |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OF OPINION

Before the Court is Plaintiff's Motion to Remand. (Doc. 19.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiff's motion is due to be granted, and this matter is due to be remanded to the Circuit Court of Sumter County, Alabama.

**I.  BACKGROUND**[1]

Plaintiff Patricia Taylor ("Taylor"), as administratrix of the Estate of Emma Taylor, brings this action against Defendants Trevor Eaves Logging, LLC ("Trevor Logging"); Trevor Eaves Trucking, LLC ("Trevor Trucking"); WestRock CP,

---

[1] The following facts are taken from Plaintiff Patricia Taylor's Complaint (doc. 1-1), and the Court makes no ruling on their veracity.

LLC ("WestRock"); Calyx Star Ranch ("Calyx"); Daniel Eaves Logging, LLC ("Daniel Logging"); Terry Randall ("Randall"); and Donald Roberts ("Roberts") (collectively, the "Defendants"). Taylor asserts state law claims against Defendants for negligence, wantonness, negligent entrustment, negligent selection, negligent hiring, and wanton hiring. Taylor seeks damages for the death of Emma Taylor pursuant to Alabama's Wrongful Death Statute, Ala. Code § 6-5-410.

Randall, Regional Manager for WestRock, contracted with Trevor Logging and Trevor Trucking to transport logs from Mississippi to Alabama. Pursuant to this contract, Roberts, who worked for Trevor Logging, Trevor Trucking, and Daniel Logging, transported logs from Calyx in Mississippi to WestRock's Rooster Bridge Chip Mill in Alabama. After leaving Rooster Bridge Chip Mill, Roberts attempted an illegal pass while driving a tractor/trailer, which resulted in a head-on collision with Emma Taylor. Emma Taylor died as a result of injuries sustained in the collision.

Taylor alleges that Defendants knew or should have known that the tractor/trailer driven by Roberts "was put out of service by the Federal Motor Carrier Safety Administration and was not safe . . . to engage in interstate commerce." (Doc. 1-1 ¶ 18.) She argues that the tractor/trailer "posed a danger to the motoring public," and that Defendants, including Randall, knew or should have known this at the time Randall entered into the contract with Trevor Logging and

Trevor Trucking. (*Id.* ¶ 21.) Taylor alleges that all of Trevor Logging and Trevor Trucking's vehicles were out of service, and therefore dangerous.

Taylor originally filed suit in the Circuit Court of Sumter County, Alabama, on May 20, 2020. (Doc. 1-1.) Randall was served on May 20, 2020 (doc. 1-2); Roberts was served on May 26, 2020 (doc. 23-4); Trevor Trucking and Trevor Logging were served on May 29, 2020 (doc. 27); WestRock was served on June 8, 2020 (doc. 1); Calyx was served on June 8, 2020 (doc. 28); and Daniel Logging was served on June 10, 2020 (doc. 1). Randall and WestRock filed a timely Notice of Removal on June 12, 2020,[2] asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* doc. 1.) Randall and WestRock acknowledge that Defendants are not completely diverse from Taylor. However, they allege that this is because Randall was fraudulently joined to destroy diversity.[3] Randall and WestRock also acknowledge that they had not received consent from all defendants before filing their Notice of Removal, including the last-served defendant, Daniel Logging.

Taylor filed a Motion to Remand on July 10, 2020, claiming that Randall, a citizen of Alabama, was not fraudulently joined. (Doc. 19.) She asserts that, because

---

[2] No other defendants joined Randall and WestRock in their Notice of Removal.

[3] Randall and WestRock also argue that Calyx, Daniel Logging, Randall, and WestRock were fraudulently joined, but they fail to elaborate on this assertion in their Notice of Removal or any subsequent briefs other than to state generally that there are no viable claims against them.

Randall was not fraudulently joined, the parties are not completely diverse, therefore the Court lacks subject matter jurisdiction. Taylor also claims that Roberts did not consent to removal, therefore Randall and WestRock's Notice of Removal was deficient.

Randall and WestRock filed a Response in Opposition to Plaintiff's Motion to Remand on July 27, 2020. (Doc. 23.) Calyx and Daniel Logging joined in Randall and WestRock's Response, consenting to removal along with Trevor Logging and Trevor Trucking. Daniel Logging, Trevor Logging, Trevor Trucking, and Calyx filed Notices of Consent to Removal on August 5, 2020. (Docs. 26, 27, 28.) Taylor filed a Motion to Strike Untimely Consents. (Doc. 29). Calyx and Daniel Logging filed responses to Taylor's Motion to Strike. (Docs. 30, 31.) Taylor filed a Reply to Defendants' Response. (Doc. 32.)

## II.   STANDARD OF REVIEW

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The removing

party bears the burden of establishing that removal was proper. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Therefore, defendants removing a case to federal court based on diversity of citizenship bear the burden of establishing the citizenship of the parties. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citations and quotation marks omitted).

## III. DISCUSSION

Taylor raises two grounds for remand: (1) the parties lack complete diversity, and (2) Defendants failed to demonstrate unanimous consent for removal. Defendants argue that complete diversity exists because Randall was fraudulently joined to destroy diversity, and that Roberts's refusal to consent to removal should be disregarded. The Court will address each argument.

### A. Citizenship of LLCs[4]

For the purposes of diversity jurisdiction, an LLC has the same citizenship as its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rolling Greens*

---

[4] While the parties did not raise this as an issue, the Court has an obligation to ensure it has subject matter jurisdiction over a matter, therefore it may *sua sponte* address the citizenship of the LLCs. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

*MHP, LP*, 374 F.3d at 1022. Thus, defendants must "list the citizenships of all the members of the limited liability company" in order to satisfy their burden of demonstrating complete diversity of citizenship. *Rolling Greens MHP, LP*, 374 F.3d at 1022.

Defendants have failed to demonstrate the citizenship of Trevor Logging, Trevor Trucking, Daniel Logging, and Calyx, all of which are LLCs.[5] Randall and WestRock state that the LLCs are organized in Mississippi, which is also where they have their principal places of business. However, this does not establish the citizenship of an LLC. Randall and WestRock fail to state the citizenship of the members of these LLCs, therefore they have not met their burden to demonstrate complete diversity of citizenship between parties.[6] As such, the Court lacks subject matter jurisdiction over this matter, and Taylor's Motion to Remand (doc. 19) is due to be granted on this ground alone.

**B. Fraudulent Joinder**

---

[5] WestRock states in the Notice of Removal that it "is a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in Georgia." (Doc. 1 ¶ 21.) However, WestRock is listed as an LLC, not a corporation; therefore, WestRock's citizenship is determined by the citizenship of its members. WestRock indicates the citizenship of its members in a separate disclosure statement. (*See* doc. 4.) WestRock's members are citizens of Delaware and Georgia, therefore WestRock's citizenship is not an issue.

[6] Additionally, Trevor Trucking, Trevor Logging, Daniel Logging, and Calyx filed Corporate Disclosure Statements that do not discuss the citizenship of their members. (*See* docs. 7, 9, 13, 15.)

Even if Randall and WestRock had properly pleaded the citizenship of the LLCs and such citizenship was diverse from Taylor, complete diversity is still lacking because Defendants failed to demonstrate Randall was fraudulently joined. The burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute*, 28 U.S.C. § 1441(a), *on other grounds as recognized in Stillwell*, 663 F.3d at 1333). The pleading standard for surviving fraudulent joinder "is a lax one." *Id.* at 1333. Rather than the plausibility standard, which requires the complaint to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a claim of fraudulent joinder can be defeated by a showing that the claim has "a possibility of stating a valid cause of action," *Stillwell*, 663 F.3d at 1333 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). When assessing possibility, the Eleventh Circuit has stated that "[i]n considering *possible* state law claims, possible must mean more than such a possibility

that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal citations omitted). In other words, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Id.* (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

To determine whether the claim possibly states a valid cause of action, the court must look to the pleading standards of the state court rather than federal court. *Id.* at 1334. The Supreme Court of Alabama has stated that "a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Haywood v. Alexander*, 121 So. 3d 972, 974–75 (Ala. 2013) (quoting *Nance v. Matthews*, 662 So. 2d 297, 299 (Ala. 1993)). Further, any ambiguities in the state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

At this stage, Taylor states a possible claim against Randall for negligent selection.[7] At the pleading stage, a plaintiff need only allege that a defendant's negligence caused harm to the plaintiff. *See, e.g.*, *Knight v. Burns, Kirkley & Williams*

---

[7] Taylor brings multiple claims against Randall. However, because she has the possibility of stating a claim against Randall for negligent selection, it is unnecessary to evaluate the sufficiency of every claim.

*Constr. Co.*, 331 So. 2d 651, 654–55 (Ala. 1976); *McKelvin v. Smith*, 85 So. 3d 386, 390 (Ala. Civ. App. 2010). Here, Taylor alleges that Randall was negligent when he contracted with Trevor Logging and Trevor Trucking even though he knew or should have known about the safety issues with their tractor/trailers and alleges that Randall's negligence caused Emma Taylor's death. Alabama recognizes the tort of negligent selection. *See McGinnis v. Jim Walter Homes, Inc.*, 800 So. 2d 140, 148 (Ala. 2001). Defendants fail to show that under *no* set of facts could Taylor state a claim for negligent selection against Randall. Therefore, Defendants have failed to meet their burden as to fraudulent joinder.

Because Taylor and Randall are both citizens of Alabama,[8] and Defendants did not meet their burden to demonstrate Randall was fraudulently joined, the parties lack complete diversity. Therefore, the Court lacks subject matter jurisdiction over this case. Accordingly, Taylor's Motion to Remand is due to be granted on this ground as well.

### C. Removal Requires Unanimous Consent of Defendants

While it is clear to the Court that Randall and WestRock failed to obtain unanimous consent for removal as required by 28 U.S.C. § 1446(b), this error is

---

[8] Taylor, as the representative of the Estate of Emma Taylor, is "deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Emma Taylor was a citizen of Alabama.

procedural and not jurisdictional. *See In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997). Accordingly, the Court reserves any further discussion other than to acknowledge that unanimous consent of the served Defendants was not obtained.

### IV. CONCLUSION

For the reasons stated above, the Court lacks jurisdiction in this case. Accordingly, Taylor's Motion to Remand (doc. 19) is due to be granted, and this case is due to be remanded to the Circuit Court of Sumter County, Alabama. Taylor's Motion to Strike Untimely Notices of Consent (doc. 29) is due to be terminated as moot. Additionally, WestRock, Randall, Calyx, and Daniel Logging's Motion to File Exhibit Under Seal (doc. 24) is due to be resolved by the state court as this Court lacks subject matter jurisdiction over this case. A separate order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on October 2, 2020.

L. Scott Coogler
United States District Judge

202892